IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00999-DME-MEH

AMANDA HALL,

    Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director of the Colorado Department of
    Corrections, in his official capacity;
JOE ORTIZ, Former Executive Director of the Colorado Department of Corrections, in
    his individual capacity;
GARY GOLDER, Director of Prisons, in his individual and official capacities;
MARK A. BROADDUS, Warden of the Denver Women's Correctional Facility and the
    Denver Reception and Diagnostic Center, in his individual capacity;
NOBEL WALLACE, Former Warden of the Denver Women's Correctional Facility and
    the Denver Reception and Diagnostic Center, in his individual capacity;
NEVA BUTTERFIELD, Associate Warden of the Denver Women's Correctional Facility
    and the Denver Reception and Diagnostic Center, in her individual and official
    capacities;
SCOTT HALL, Associate Warden of the Denver Women's Correctional Facility and the
    Denver Reception and Diagnostic Center, in his individual and official capacities;
MICHAEL CARAMIA, Lieutenant at the Denver Women's Correctional Facility and the
    Denver Reception and Diagnostic Center, in his individual and official capacities;
    and
LESHAWN TERRELL, Sergeant at the Denver Women's Correctional Facility and the
    Denver Reception and Diagnostic Center, in his individual and official capacities,

    Defendants.

## ORDER ON PARTIAL MOTION TO DISMISS

Pending before the Court is a motion filed on September 12, 2008, by Defendants Aristedes Zavaras, Joe Ortiz, Gary Golder, Mark A. Broaddus, Nobel Wallace, Neva Butterfield, Scott Hall, and Michael Caramia (the "State-represented Defendants"), by

and through the Colorado Attorney General, to dismiss three of Plaintiff Amanda Hall's claims pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. # 63.) More specifically, the motion requests that this Court dismiss, for failure to state a claim upon which relief can be granted, Plaintiff's substantive due process claims of invasion of bodily integrity, failure to protect, and danger creation; or, alternatively, that this Court analyze these claims under Eighth Amendment standards rather than substantive due process standards. Hall responded to the motion on September 18, 2008 (Dkt. #64), and State-represented Defendants replied on October 8, 2008 (Dkt. #88). Therefore, the motion is ripe for determination.

This Court DENIES the Motion to Dismiss in its entirety, and DENIES Defendants' alternative request that Plaintiff's substantive due process claims be analyzed under Eighth Amendment standards.

## I. Background

This is a 42 U.S.C. § 1983 action in which Plaintiff Amanda Hall ("Hall"), an inmate of the Denver Women's Correctional Facility ("DWCF"), alleges that during her incarceration at DWCF, she has been the victim of both ongoing sexual abuse and a brutal rape by guard Leshawn Terrell ("Terrell"). She further alleges that a number of individuals holding supervisory authority[1] within the Colorado Department of Corrections

---

[1] Hall's First Amended Complaint refers to these defendants collectively as "Supervisory Defendants"; these defendants refer to themselves as "State Defendants." Because all of the defendants except for Terrell are represented by the Colorado Attorney General's Office, this Order refers to those so represented as the "State-represented Defendants." They include the following: Aristedes Zavaras, Executive Director of the Colorado Department of Corrections, sued in his official capacity; Joe Ortiz, former Executive Director of the Colorado Department of

and DWCF actively facilitated the sexual abuse and rape, and thus her injuries resulting from that rape, by their failure to act upon numerous reports of sexual abuse of inmates by prison personnel, and by other acts and omissions. Terrell is no longer employed by the Department of Corrections, and the Colorado Attorney General's Office does not represent him in this lawsuit. (State Defs.' Am. Mot. to Dismiss at 2 n.1.)

This Court has jurisdiction over this § 1983 lawsuit under 28 U.S.C. § 1331.

## II. Motion to Dismiss

In their motion to dismiss Hall's second, third, and fourth claims for relief,[2] the State-represented Defendants make the single argument that because these claims "involve matters covered by the specific protections afforded through the Eighth Amendment[,] . . . they are not subject to analysis under notions of substantive due process." (State Defs.' Mot. to Dismiss Pl.'s Second, Third, and Fourth Cls. for Relief in Pl.'s First Am. Compl. [hereinafter "State Defs.' Mot. to Dismiss"] at 4-5.)

---

Corrections, sued in his individual capacity; Gary Golder, Director of Prisons, sued in his individual and official capacities; Mark A. Broaddus, Warden of DWCF and the Denver Reception and Diagnostic Center ("DRDC"), sued in his official capacity; Nobel Wallace, former Warden of DWCF and the DRDC, sued in his individual capacity; Neva Butterfield, Associate Warden of the DWCF and the DRDC, sued in her individual and official capacities; Scott Hall, Associate Warden of the DWCF and the DRDC, sued in his individual and official capacities; and Michael Caramia, Lieutenant at the DWCF and DRDC, sued in his individual and official capacities.

[2]Hall's second claim for relief is a substantive due process claim for invasion of bodily integrity; her third is a substantive due process claim for failure to protect; and her fourth is a substantive due process claim for danger creation. (First Am. Compl. at 14, 16, 19.) The Motion to Dismiss does not challenge Hall's first claim, which is an Eighth and Fourteenth Amendment claim for cruel and unusual punishment (id. at 11).

This Court must "accept all well-pleaded factual allegations in the complaint as true and view them in the light most favorable to the nonmoving party." Nelson v. State Farm Mut. Auto. Ins. Co., 419 F.3d 1117, 1119 (10th Cir. 2005) (quotation omitted). This Court will dismiss a complaint under Rule 12(b)(6) "only if the complaint lacks 'enough facts to state a claim to relief that is plausible on its face.'" Van Zanen v. Qwest Wireless, L.L.C., 552 F.3d 1127, 1129-30 (10th Cir. 2008) (quoting Bell Atl. Corp. v. Twombley, __U.S. __, 127 S.Ct. 1955, 1974 (2007)). Our "function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." Jacobsen v. Deseret Book Co., 287 F.3d 936, 941 (10th Cir. 2002) (quotation omitted).

**A. Substantive due process claims made by a prisoner**

The State-represented Defendants make a single argument in their motion to dismiss, positing simply that Hall's three substantive due process claims "involve matters covered by the specific protections afforded through the Eighth Amendment" and so are not subject to analysis under the Due Process Clause. (State Defs.' Mot. to Dismiss at 4.) The motion offers no elaboration upon or support for this argument–that is, it offers no explanation of <u>why</u> Hall's second, third, and fourth claims are "covered by the specific protections" of the Eighth Amendment.

Presumably, the State-represented Defendants would like for us to decide that any § 1983 claim brought by a prisoner must be governed solely by the Eighth Amendment.

However, both Supreme Court and Tenth Circuit caselaw explicitly disavow that proposition. See Collins v. City of Harker Heights, 503 U.S. 115, 127-28 (1992) ("We have held, for example, that <u>apart from the protection against cruel and unusual punishment provided by the Eighth Amendment, the Due Process Clause of its own force requires</u> that conditions of confinement satisfy certain minimal standards for pretrial detainees, for persons in mental institutions, <u>for convicted felons</u>, and for persons under arrest. The 'process' that the Constitution guarantees in connection with any deprivation of liberty thus includes a continuing obligation to satisfy certain minimal custodial standards.") (emphasis added; citations omitted); DeShaney v. Winnebago County Dep't of Soc. Svcs., 489 U.S. 189, 199-200 & n.8 ("In the substantive due process analysis, it is the State's affirmative act of restraining the individual's freedom to act on his own behalf–through incarceration, institutionalization, or other similar restraint of personal liberty–which is the 'deprivation of liberty' triggering the protections of the Due Process Clause . . . . Of course, the protections of the Due Process Clause, both substantive and procedural, may be triggered when the State, by the affirmative acts of its agents, subjects an involuntarily confined individual to deprivations of liberty which are not among those generally authorized by his confinement."); Davidson v. Cannon, 474 U.S. 344, 347-48 (holding that "the protections of the Due Process Clause, whether procedural or substantive, are just not triggered by lack of due care by prison officials," and explaining that a prisoner's claim based on a jailer's negligence–a claim that would not trigger either substantive or procedural due process review–is "quite different from one involving

5

injuries caused by an unjustified attack by prison guards themselves, or by another prisoner where officials simply stood by and permitted the attack to proceed"); Johnson ex rel. Estate of Cano v. Holmes, 455 F.3d 1133, 1141-42 (10th Cir. 2006) ("In Radecki v. Barela, we held: 'It is true, of course, that state actors are generally only liable under the Due Process Clause for their own acts and not private violence. There are, however, two exceptions to that rule. First, the state may be subject to constitutional liability if it does not perform a duty to provide protection to an individual with whom the state has a special relationship because it has assumed control over that individual, such as in a prison. Second, the state may be constitutionally liable if it creates a danger that results in harm to an individual, even if that harm is ultimately inflicted by a private party.") (citation omitted); Hovater v. Robinson, 1 F.3d 1063, 1066 (10th Cir. 1993) (explaining that in considering defendants' claims for qualified immunity in a § 1983 case, "[a]s a threshold matter of law, we must first decide whether [the convicted and incarcerated plaintiff] could have suffered, at the hands of corrections officials, any deprivation of her constitutional rights under the due process clause of the Fourteenth Amendment and the cruel and unusual punishments clause of the Eighth Amendment") (quotation omitted; emphasis added).

Under both Supreme Court and Tenth Circuit precedent, then, Hall may bring separate § 1983 claims under the Eighth Amendment and the Fourteenth Amendment, provided that the latter claims are "covered by" substantive due process. See County of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998). The only remaining question to

resolve in the motion to dismiss thus is whether she has sufficiently pleaded "facts to state a claim to relief that is plausible on its face," Twombley,127 S. Ct. at 1974, for each of the three substantive due process claims that the State-represented Defendants seek to dismiss.

**B. Plaintiff's Second Claim: Substantive Due Process / Invasion of Bodily Integrity**

In Seegmiller v. LaVerkin City, 538 F.3d 762, 770-71 (10th Cir. 2008), the Tenth Circuit acknowledged that the Supreme Court "thus far has recognized fundamental liberty interests [subject to the protections of substantive due process] to . . . include the right to marry, to have children, to direct the education and raising of one's own children, to marital privacy, to use contraception and obtain abortion, and to bodily integrity." The Tenth Circuit likewise has recognized that a plaintiff's § 1983 claims of sexual abuse by a state actor are cognizable as substantive due process claims. Maldonado v. Josey, 975 F.2d 727, 730-31 (10th Cir. 1992) (claim of teacher's sexual abuse of student). Other circuits also "have found due process violations when state actors have inflicted sexual abuse on individuals." See Rogers v. City of Little Rock, 152 F.3d 790, 795-76 (8th Cir. 1998) (citing cases from the Fourth, Fifth, Eighth, and Ninth circuits ).

Hall's second claim thus is generally cognizable under substantive due process. In order to state a claim to relief that is plausible on its face, however, she must plead facts that, if true, plausibly could entitle her to relief under the "shocks the conscience" standard that applies to substantive due process claims. See Lewis, 523 U.S. at 844-49; see also Uhlrig v. Harder, 64 F.3d 567, 573 (10th Cir. 1995). In particular, that standard

tests "whether the challenged government action would 'shock the conscience' of federal judges." Uhlrig, 64 F.3d at 573. While "the measure of what is conscience shocking is no calibrated yard stick," Lewis, 523 U.S. at 847, the Tenth Circuit has explained that

> the Due Process Clause's protection against "conscience shocking" conduct traditionally only involved deliberately wrongful government decisions rather than merely negligent government conduct. . . .
>
> However, to satisfy the "shock the conscience" standard, a plaintiff must do more than show that the government actor intentionally or recklessly caused injury to the plaintiff by abusing or misusing government power. That is, the plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking. . . . [This] requires a high level of outrageousness, because the Supreme Court has admonished that a substantive due process violation requires more than an ordinary tort . . . .

Uhlrig, 64 F.3d at 573-74.

Hall's complaint alleges that the State-represented Defendants had actual knowledge of Terrell's sexual misconduct with other inmates prior to his raping her, as well as actual knowledge of "ongoing and pervasive sexual misconduct and abuse perpetrated by [Department of Corrections] prison officials against inmates housed at DWCF and other facilities." (First Am. Compl. at 7-9.) The complaint further alleges that despite this actual knowledge, the State-represented Defendants failed to take action to protect the inmates from sexual abuse, including failing to maintain a video surveillance system in all locations in the prison (such as the room in which Hall alleges that she was raped). (Id. at 10.) As a direct result of the State-represented Defendants' failure to act, the complaint alleges, Hall suffered both ongoing sexual abuse and a brutal

8

rape during which she was so forcibly sodomized that she subsequently lost control of her bowel functions and may require surgery to repair the damage to her bowels. (Id. at 6-7.)

If Hall's allegations are true, she has stated a plausible claim for relief even under the stringent "shocks the conscience" standard applied to due process claims for violation of bodily integrity. She has alleged conduct by the State-represented Defendants that is deliberately wrongful, in Defendants' failure to act in the face of actual knowledge that inmates' bodily integrity was threatened, and that demonstrates both a high "degree of outrageousness and a magnitude of . . . actual harm that is truly conscience shocking," Uhlrig, 64 F.3d at 574.

## C. Plaintiff's Third Claim: Substantive Due Process / Failure to Protect

In DeShaney v. Winnebago County Department of Social Services, 489 U.S. 189, 195 (1989), the Supreme Court held that "nothing in the language of the Due Process Clause itself requires the State to protect the life, liberty, and property of its citizens against invasion by private actors." However, the DeShaney Court also carved out an exception to that rule, explaining that "in certain limited circumstances the Constitution imposes upon the State affirmative duties of care and protection with respect to particular individuals." Id. at 198. One of those "special circumstances" occurs "when the State takes a person into its custody and holds him there against his will." Id. at 199-200. In such a circumstance, an "affirmative duty to protect arises . . . from the limitation which [the State] has imposed on [that person's] freedom to act on his own behalf." Id. at 200. It is this "affirmative duty to protect" a person held in the state's custody, a substantive

9

due process duty recognized by the Tenth Circuit in <u>Armijo ex rel. Chavez v. Wagon Mound</u>, 159 F.3d 1253, 1261 (10th Cir. 1998), that Hall asserts in her third claim.

First, in order to make out a failure-to-protect claim, Hall must show "involuntary restraint by the government official . . . ." <u>Id.</u> She has alleged that at all times relevant to the complaint, she was incarcerated at DWCF, and the State-represented Defendants have admitted that allegation. (State Defs.' Answer to Pl.'s First Am. Compl. at 2.)

Next, in order to state a claim to relief that is plausible on its face, she must plead facts that, if true, plausibly could entitle her to relief under the "shocks the conscience" standard that applies to substantive due process claims. Here, the same allegations that make Hall's second claim plausible on its face make the third claim equally plausible. Most critically, in the failure-to-protect context, Hall alleges that the State-represented Defendants, who were in positions of authority in the prison system and at DWCF itself, had actual knowledge of ongoing sexual abuse at the prison and failed to act to terminate that abuse. (First Am. Compl. at 7-10.) She further alleges that their failure to act was the cause of her brutal rape and resulting injuries. (<u>Id.</u> at 18.)

As with her second claim, if Hall's allegations are true, she has stated a plausible claim for relief even under the stringent "shocks the conscience" standard applied to due process claims for failure to protect where there is a special relationship. She has alleged conduct by the State-represented Defendants that is deliberately wrongful, in Defendants' failure to act in the face of actual knowledge that inmates' safety was threatened, and that

10

demonstrates both a high "degree of outrageousness and a magnitude of . . . actual harm that is truly conscience shocking," Uhlrig, 64 F.3d at 574.

## D. Plaintiff's Fourth Claim: Substantive Due Process / Danger Creation

The Tenth Circuit explained the "danger creation" theory of substantive due process in Uhlrig v. Harder:

> [In addition to its liability under the special relationship / failure to protect doctrine, a] state also may be liable for an individual's safety under a "danger creation" theory if it created the danger that harmed [the plaintiff]–that is, provided that the other elements of a § 1983 claim have been satisfied. . . . For the state to be liable under § 1983 for creating a special danger (i.e. where a third party other than a state actor causes the complained of injury), a plaintiff must allege a constitutionally cognizable danger. That is, the danger creation theory must ultimately rest on the specifics of a substantive due process claim–i.e. a claim predicated on reckless or intentional injury–causing state action which "shocks the conscience."

64 F.3d at 572-73. In order to state a prima facie case and survive a motion to dismiss on a danger creation theory, a plaintiff must allege facts showing that "(1) state actors created the danger or increased the plaintiff's vulnerability to danger in some way, (2) the plaintiff was a member of a limited and specifically definable group, (3) the defendants' conduct put the plaintiff at substantial risk of serious, immediate, and proximate harm, (4) the risk was obvious or known, (5) the defendants acted recklessly in conscious disregard of that risk, and (6) the conduct, when viewed in total, shocks the conscience." Robbins v. Oklahoma, 519 F.3d 1242, 1251 (10th Cir. 2008).

Here, Hall has alleged (1) that the State-represented Defendants, acting in their supervisory capacity, created the danger of sexual abuse and sexual assault at DWCF by

11

their failure to act in the face of actual knowledge that such abuse was an ongoing occurrence. (First Am. Compl. at 20.) She also alleges that Defendants created this danger by their employment practices, including their hiring of Terrell, whose criminal history was known to them. (Id.) Hall further alleges (2) that she and the other inmates at DWCF are members of a limited group of individuals who were at serious risk of sexual assault; (3) that Defendants' conduct put her and other inmates at serious risk of rape by prison guards; (4) that Defendants had actual knowledge of this risk, by virtue of their actual knowledge of ongoing sexual abuse at DWCF; and (5) that Defendants willfully chose not to act to mitigate the risk in spite of that actual knowledge, and that her rape and resulting injuries were the direct result of that failure to act. (Id.)

As with her second and third claims, if Hall's allegations are true, she has stated a plausible claim for relief even under the stringent "shocks the conscience" standard applied to due process claims for danger creation. She has alleged conduct by the State-represented Defendants that is deliberately wrongful, in Defendants' failure to act in the face of actual knowledge that inmates' safety was threatened, and that demonstrates both a high "degree of outrageousness and a magnitude of . . . actual harm that is truly conscience shocking," Uhlrig, 64 F.3d at 574.

## III. Conclusion

For the foregoing reasons, it is hereby

ORDERED that State-represented Defendants' Motion to Dismiss Plaintiff's Second, Third, and Fourth Claims for Relief in Plaintiff's First Amended Complaint is

DENIED.  State-represented Defendants' alternative request that this Court analyze Hall's substantive due process claims under Eighth Amendment standards is also DENIED.

DATED at Denver, Colorado, this  19th  day of November, 2008.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge