IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00999-DME-MEH

AMANDA HALL,

      Plaintiff,

v.

ARISTEDES ZAVARAS, Executive Director of the Colorado Department of
      Corrections, in his official capacity;
JOE ORTIZ, Former Executive Director of the Colorado Department of Corrections, in
      his individual capacity;
GARY GOLDER, Director of Prisons, in his individual and official capacities;
MARK A. BROADDUS, Warden of the Denver Women's Correctional Facility and the
      Denver Reception and Diagnostic Center, in his individual capacity;
NOBEL WALLACE, Former Warden of the Denver Women's Correctional Facility and
      the Denver Reception and Diagnostic Center, in his individual capacity;
NEVA BUTTERFIELD, Associate Warden of the Denver Women's Correctional Facility
      and the Denver Reception and Diagnostic Center, in her individual and official
      capacities;
SCOTT HALL, Associate Warden of the Denver Women's Correctional Facility and the
      Denver Reception and Diagnostic Center, in his individual and official capacities;
MICHAEL CARAMIA, Lieutenant at the Denver Women's Correctional Facility and the
      Denver Reception and Diagnostic Center, in his individual and official capacities;
      and
LESHAWN TERRELL, Sergeant at the Denver Women's Correctional Facility and the
      Denver Reception and Diagnostic Center, in his individual and official capacities,

      Defendants.

**ORDER GRANTING RENEWED MOTION FOR ENTRY OF DEFAULT
JUDGMENT AS TO LESHAWN TERRELL**

Pending before the Court is a motion filed on December 8, 2008, by Plaintiff,

Amanda Hall ("Hall"), for entry of default judgment against Defendant Leshawn Terrell

("Terrell"). (Dkt. #102.) The motion also requests that the Court schedule a hearing on

Hall's damages.  Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered default against Terrell on December 10, 2008.  (Dkt. #103.)  Terrell has not responded to Hall's motion for entry of default judgment against him, and under local rule 7.1(C), he no longer may do so.  D.C.COLO.LCivR 7.1.  Therefore, the motion is ripe for determination.

This Court GRANTS the Motion for Entry of Default Judgment against Terrell and ORDERS the parties to appear at a conference at 10:00 a.m. on Friday, February 6, 2009, in Courtroom C202 of the Byron Rogers Courthouse, to prepare for and schedule a hearing on Hall's damages.

**I.      Default and default judgment under Federal Rule of Civil Procedure 55**

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  The clerk's entry of default "does not constitute a judgment but is rather an order precluding the defaulting party from making any further defense in the case as far as his or her liability is concerned."  46 Am. Jur. 2d Judgments § 233 (2008).  "After an entry of default, a defendant cannot defend a claim on the merits."  Olcott v. Del. Flood Co., 327 F.3d 1115, 1125 n.11 (10th Cir. 2003).

Once default has been entered, if "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk–on the plaintiff's request, with an affidavit showing the amount due–must enter judgment for that amount and costs against"

the defendant. Fed. R. Civ. P. 55(b)(1). In all other cases–including this one–"the party must apply to the court for a default judgment," id. 55(b)(2), and the decision to enter default judgment is a matter of the court's "sound judicial discretion," Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, 10A Fed. Prac. & Proc. Civ.3d § 2685. Exercising that discretion, the court "may conduct hearings or make referrals–preserving any federal statutory right to a jury trial–when, to enter or effectuate judgment, it needs to (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2).

Where, as in this case, a defendant "fail[ed] to submit an answer or other pleading denying the factual allegations of Plaintiff's complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually." Burlington Northern R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1993); Fed. R. Civ. P. 8(b)(6) ("An allegation–other than one relating to the amount of damages–is admitted if a responsive pleading is required and the allegation is not denied."). Therefore, in deciding whether to enter default judgment, the court takes as true all of the factual allegations in the complaint. 10A Fed. Prac. & Proc. § 2688. Even so, however, "after default, . . . it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." Id.

**II. Findings and conclusions**

1. On May 13, 2008, Hall initiated this action by filing her complaint pursuant to 42 U.S.C. § 1983 and Colorado common law. (Dkt. #1.) Terrell was served with process in person on June 16, 2008. (Dkt. #21.) Terrell did not respond to the complaint, and on July 28, 2008, Hall moved for entry of default judgment against him. (Dkt. #33.) The Clerk refused to enter default, because Hall had not submitted an affidavit regarding Terrell's military service, as required by the Servicemember's Civil Relief Act of 2003. (Dkt. #39.)

2. Hall filed her First Amended Complaint on August 5, 2008, eliminating her claims under Colorado law. (Dkt. #38.)

3. This Court has subject-matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 (federal question). This Court has personal jurisdiction over Terrell because at all times relevant to the litigation he was a resident of Colorado, all of his actions injuring Hall took place in Colorado, and he was personally served in Colorado.

4. Attorneys William Rogers and Rachel Spicer entered appearances on behalf of Terrell on August 8, 2008, and August 20, 2008, respectively. (Dkt. #40, 49.) They later moved to withdraw as Terrell's attorneys, and Magistrate Judge Hegarty granted that motion on November 7, 2008. (Dkt. #98.)

5. Terrell never filed an answer to Hall's amended complaint.

6. Terrell is neither a minor nor incompetent, so default judgment may be entered against him. Fed. R. Civ. P. 55(b)(2).

7. As required by Rule 55(b)(2), Hall sent Terrell notice of her motion for entry of default judgment against him. (Dkt. #102 at 6.)

8. From May of 2006 through October 7, 2006, Terrell was a Sergeant at Denver Women's Correctional Facility ("DWCF"), where Hall was incarcerated.

9. While Hall was incarcerated at DWCF, she participated in a work assignment program in the kitchen of the Denver Reception and Diagnostic Center ("DRDC"). Within the DRDC, she was directly supervised by Terrell.

10. Beginning in or about May of 2006 and continuing until October 7, 2006, and despite Hall's protests that she did not want to have sex with him, Terrell coerced Hall into having a sexual relationship with him.

11. On or about October 7, 2006, Terrell became violent and angry when Hall told him she did not want to have sex with him. He forced her to perform oral sex and then anally raped her. The anal rape was sufficiently violent to tear Hall's rectum, causing her serious physical injuries. As a direct result of the October 7, 2006, rape, Hall lost control of her bowel functions and may need surgery to restore those functions to normal.

12. Before he raped Hall, Terrell had coercive and violent sexual relationships with other DWCF inmates.

### III. Hall's claims against Terrell

Hall made two claims against Terrell under § 1983: (1) violations of the Eighth Amendment's prohibition against cruel and unusual punishment, as incorporated against the states through the Fourteenth Amendment; and (2) substantive due process violations of the Fourteenth Amendment's prohibition against invasion of bodily integrity.

    1.    *Cruel and unusual punishment*

Hall alleged that Terrell violated her right to be free from cruel and unusual punishment by "knowingly inflict[ing] unnecessary and wanton pain upon [her] by his coercive sex acts, including forcible sodomy and oral sex." (Dkt. #38 at 11.)

The Supreme Court has in various contexts elaborated on the "settled rule that the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quotations, internal alteration omitted). "What is necessary to establish an 'unnecessary and wanton infliction of pain' . . . varies according to the nature of the alleged constitutional violation." Id. In claims alleging unconstitutional conditions of confinement, for instance, a plaintiff must show both that the prison official "'acted with a sufficiently culpable state of mind'" and that the "alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation." Id. at 8 (quoting Wilson v. Seiter, 501 U.S. 294, 298, 303 (1991)). In claims alleging the use of excessive force, on the other hand–whether or not such force is applied in the context of prison officials' attempts to quell a riot or other such disturbance–the "core judicial inquiry is that set out

6

in Whitley [v. Albers, 475 U.S. 312, 319 (1986)]: whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7.

The Supreme Court has considered as a challenge to "conditions of confinement" a prisoner's claim that prison officials permitted him to be raped by other inmates. See Farmer v. Brennan, 511 U.S. 825, 832-34 (1994) ("Being violently assaulted in prison is simply not part of the penalty that criminal offenders pay for their offenses against society.") With a claim of assault by a prison official, however, the test for unconstitutional use of excessive force seems to make more sense. See, e.g., Daskalea v. District of Columbia, 227 F.3d 433, 440-41 (D.C. Cir. 2000) (applying the Hudson "excessive force" test where inmates had been sexually assaulted by prison guards).

Therefore, this Court's "core inquiry" is whether "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson, 503 U.S. at 7. "Where no legitimate penological purpose can be inferred from a prison employee's alleged conduct, including but not limited to sexual abuse or rape, the conduct itself constitutes sufficient evidence that force was used maliciously and sadistically for the very purpose of causing harm." Giron v. Corrs. Corp. of Am., 191 F.3d 1281, 1290 (10th Cir. 1999). In this case, there is no question that Terrell's sexual assault of Hall was carried out solely to cause harm, and thus that Terrell violated Hall's Eighth Amendment right to be free from cruel and unusual punishment.[1]

---

[1]The Court would reach the same conclusion if it were to analyze Hall's claim as a conditions-of-confinement challenge. Within that analysis, the Court asks whether (1)

2.  *Substantive due process: invasion of bodily integrity*

In <u>Seegmiller v. Laverkin City</u>, 528 F.3d 762, 767 (10th Cir. 2008), the Tenth Circuit explained that "[t]he Supreme Court has described two strands of the substantive due process doctrine." "One strand protects an individual's fundamental liberty interests, while the other protects against the exercise of governmental power that shocks the conscience." <u>Id.</u> Fundamental rights or liberty interests are "'deeply rooted in this Nation's history and tradition' and 'implicit in the concept of ordered liberty,'" and the government may not infringe upon them "<u>at all</u>, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." <u>Id.</u> (quoting <u>Chavez v. Martinez</u>, 538 U.S. 760, 775 (2003); <u>Washington v. Glucksberg</u>, 521 U.S. 702, 721 (1997)). By contrast, the shocks-the-conscience "strand of substantive due process is concerned with preventing government officials from 'abusing their power, or employing it as an instrument of oppression.'" <u>Id.</u> (quoting <u>County of Sacramento v. Lewis</u>, 523 U.S. 833, 846 (1998)). Having explained the two strands of substantive due process, however, the <u>Seegmiller</u> court emphasized that courts "should not unilaterally

---

"the deprivation alleged [is], objectively, 'sufficiently serious' [to] result in the denial of 'the minimal civilized measure of life's necessities,'" <u>Farmer</u>, 511 U.S. at 834 (citations omitted); and (2) the prison official acted with a "sufficiently culpable state of mind," which requires a state of mind "more blameworthy than negligence," <u>id.</u> at 834-35. Here, the undisputed facts–Terrell's five-month-long sexual victimization of Hall, followed by the brutal rape and forced oral sex on October 7, 2006–easily satisfy both required elements of the claim. The injuries Hall suffered are "sufficiently serious" to have deprived her of "the minimal civilized measure of life's necessities," and Terrell clearly acted with a "culpable state of mind" that is far more blameworthy than mere negligence.

8

choose to consider only one or the other of the two strands," as "[b]oth approaches may well be applied in any given case." Id. at 769.

The Supreme Court has recognized the right to bodily integrity as a fundamental liberty interest. Id. at 770-71. Under that strand of substantive due process analysis, this Court aks whether the infringement–here, Terrell's sexual abuse of Hall when she was a prisoner under his supervision–was "narrowly tailored to serve a compelling state interest." That inquiry rings hollow in the context of rape, for which there is no imaginable "compelling state interest." Under the fundamental rights analysis, Hall has demonstrated a substantive due process violation.

Turning to the shocks-the-conscience strand of substantive due process, the Court asks whether Hall showed not only that "the government actor intentionally or recklessly caused injury to [her] by abusing or misusing government power," but also that Terrell's actions "demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking." Uhlrig v. Harder, 64 F.3d 567, 573 (10th Cir. 1995). "This requires a high level of outrageousness, because the Supreme Court has admonished that a substantive due process violation requires more than an ordinary tort . . . ." Id. This inquiry seems far more suited to the sort of offense at issue in this case, where Terrell's abuse and misuse of his state power over Hall when she was incarcerated demonstrates "a degree of outrageousness and a magnitude of . . . actual harm that is truly conscience shocking." Under the shocks-the-conscience analysis, then, Hall has also demonstrated a substantive due process violation.

9

## IV. Conclusion

For the foregoing reasons, it is hereby

ORDERED that default judgment be entered against Terrell on the first and second claims for relief in Hall's First Amended Complaint; and

ORDERED that the parties appear at a conference at 10:00 a.m. on Friday, February 6, 2009, in Courtroom C202 of the Byron Rogers Courthouse, to prepare for and schedule a hearing on Hall's damages.

DATED at Denver, Colorado, this 23rd day of January, 2009.

BY THE COURT:

*s/ David M. Ebel*
_____
David M. Ebel
United States Circuit Judge