IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00999-DME-MEH

AMANDA HALL,

    Plaintiff,

v.

LESHAWN TERRELL, Sergeant at the Denver Women's Correctional Facility and the Denver Reception and Diagnostic Center, in his individual and official capacities,

    Defendant.

**SUPPLEMENTAL ORDER ON ATTORNEYS' FEES AND PREJUDGMENT INTEREST**

This matter is before the Court on Plaintiff Amanda Hall's Motion for Prejudgment Interest (Dkt. #154) and Motion for Attorneys['] Fees and Expenses (Dkt. #155). For the reasons explained below, the Court DENIES the motion for prejudgment interest and GRANTS IN PART the motion for attorneys' fees.

**I.   Background**

In this 42 U.S.C. § 1983 action, Hall sued a number of defendants, alleging that while she was in custody at the Denver Women's Correctional Facility, she was the victim of both ongoing sexual abuse and a brutal rape by guard Leshawn Terrell. Hall settled with all defendants except Terrell, and on January 23, 2009, the Court issued an order granting Hall's motion for entry of

1

default judgment as to him. (Dkt. #106.) The clerk entered default judgment against Terrell on February 3, 2009. (Dkt. #111.)

Following a bench trial to determine Hall's damages as against Terrell, the Court issued an opinion and order on June 10, 2009, awarding Hall total damages of $1,354,070.41. (Dkt. #149.) This award comprised $354,070.41 in compensatory damages and $1,000,000.00 in punitive damages. The clerk entered judgment on damages on June 11, 2009. (Dkt. #150.) These motions followed.

## II.     Prejudgment Interest

Hall's motion seeks prejudgment interest on the entire compensatory damages award of $354,070.41. (Mot. for Prejudgment Interest at 3-6.)

The Tenth Circuit has explained that "'although prejudgment interest is ordinarily awarded in a federal case, it is not recoverable as a matter of right.'" Malloy v. Monahan, 73 F.3d 1012, 1019 (10th Cir. 1996) (quoting Zuchel v. City & County of Denver, 997 F.2d 730, 746 (10th Cir. 1993)). Under federal law, the purpose of prejudgment interest "is to compensate the wronged party for being deprived of the monetary value of his loss from the time of the loss to the payment of the judgment." Zuchel, 997 F.2d at 746 (quotation omitted). In the Tenth Circuit, an award of prejudgment interest is to be determined by a two-step analysis. Id.

> First, the trial court must determine whether an award of prejudgment interest would serve to compensate the injured party. Second, when an award would serve a compensatory function, the court must still determine

>> whether the equities would preclude the award of prejudgment interest.

Id. (quotation omitted). This Court must exercise its discretion in determining whether an award of prejudgment interest is appropriate. Id. (quotation omitted).

In this case, Hall's compensatory damages consisted of economic damages of $4,070.41 for medical costs, and non-economic damages of $350,000 for emotional distress, mental anguish, and suffering. The Court addresses each in turn.

    A.    *Economic damages*

While the judgment against Terrell included $4,070.41 for medical costs, Hall did not herself pay those costs. With that in mind, the Court concludes that prejudgment interest is inappropriate on this portion of the judgment, because Hall was not ever deprived of the "monetary value of [her] loss" in connection with her medical costs. Therefore, an award of prejudgment interest would not compensate Hall, and the Court need not go on to determine whether the equities would preclude such an award. See Zuchel, 997 F.2d at 746.

    B.    *Non-economic damages*

Once again, Tenth Circuit precedent dictates that the Court not award prejudgment interest on this portion of the judgment. While Hall's injuries were horrific, her emotional distress, mental anguish, and suffering did not "deprive[ her] of the monetary value of [her] loss from the time of the loss to the payment of the judgment," id. Rather than compensating Hall, then, an award of

prejudgment interest on this portion of the judgment would "duplicate damages already awarded" and thus would be improper under federal law. F.D.I.C. v. UMIC, Inc., 136 F.3d 1375, 1388 (10th Cir. 1988).

    C.    *Conclusion as to prejudgment interest*

The motion for prejudgment interest is DENIED.

### III. Attorneys' fees

Hall's motion requests attorneys' fees of $141,082.55.  However, in proposing hourly rates for the calculation of attorneys' fees, the motion neglects to account for the effect of the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(d), which governed Hall's lawsuit and now restricts her ability to recover attorneys' fees.

    A.    *The PLRA*

In relevant part, the PLRA reads as follows:

(d)    Attorney's fees

(1)    In any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney's fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that–

    (A)    the fee was directly and reasonably incurred in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title; and

    (B)    (i)    the amount of the fee is proportionately related to the court ordered relief for the violation; or

            (ii)    the fee was directly and reasonably incurred in enforcing the relief ordered for the violation.

> (2) Whenever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25 percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.
>
> (3) No award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006 of Title 18 for payment of court-appointed counsel.

42 U.S.C. § 1997e(d) (footnote omitted). This subsection of the PLRA "amended the Civil Rights of Institutionalized Persons Act . . . as it applied to the fees that may be awarded to attorneys who litigate prisoner lawsuits." Deborah F. Buckman, Attorney's Fees Awards under § 803(d) of Prison Litigation Reform Act, 165 A.L.R. Fed. 551 (2000).

> Before the passage of the PLRA, courts were authorized under 42 U.S.C.A. § 1988(b) to award attorney's fees in prisoner civil rights lawsuits based on the market rate for the legal services rendered. The new law significantly limits the attorney's fees that may be awarded to a prisoner recovering a monetary judgment in a civil rights action, by placing a cap both on an attorney's maximum hourly rate and on the total amount of attorney's fees that may be recovered from a defendant. In addition, it requires that the plaintiff assume the responsibility for a portion of those fees out of any recovery of damages and prohibits payment of fees that are not "directly and reasonably" incurred in proving a violation of prisoners' rights.

Id. See also Martin v. Hadix, 527 U.S. 343, 347 (2001) ("Section 803(d)(3) of the Prison Litigation Reform Act . . . , § 1997(e)(d)(3) . . . , places limits on the fees that may be awarded to attorneys who litigate prisoner lawsuits.").

To determine whether the PLRA applies in this case, the Court first must determine (1) whether Hall is a "prisoner who is confined to any jail, prison, or

other correctional facility," and (2) whether her lawsuit against Leshawn Terrell was one "in which attorney's fees are authorized under section 1988." 42 U.S.C. § 1997e(d)(1). Hall clearly meets the first of these requirements, as she has been, at every stage of this lawsuit, a prisoner confined to either the Denver Women's Correctional Facility or the La Vista Correctional Facility. As to the second requirement, § 1988 dictates that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . , the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Hall was the "prevailing party" in her § 1983 lawsuit against Terrell, and the lawsuit was an "action . . . in which attorney's fees are authorized under section 1988." Consequently, the PLRA governs the Court's discretionary award of attorneys' fees in this case.

The Court's next step under the PLRA is to ensure that the award of attorneys' fees "was directly and reasonably incurred in proving an actual violation" of rights protected under § 1983. 42 U.S.C. § 1997e(d)(1)(A)-(B). The Court has carefully reviewed the billing records that Hall submitted with the motion for attorneys' fees. Because the case included a number of state-represented defendants until April 13, 2009, when those defendants were dismissed from the case following their settlement with Hall (Dkt. #137), some of the time billed is not exclusively for work on the case against Terrell. However, Hall has addressed that potential problem, and thus sought "only those fees fairly attributable to Defendant Terrell" (Mot. at 6), by requesting fees for only

70% of the total time billed.[1]  With that reduction in place, the Court is satisfied that the fees Hall requests were both "directly and reasonably incurred in proving an actual violation" of her constitutional rights by Terrell.

      B.    *Calculation of the lodestar amount*

Next, the court must calculate the "lodestar" amount for the fee award. "Courts determine what is a reasonable [attorneys'] fee by first figuring a 'lodestar' amount and then adjusting that figure based on facts specific to the case."  Bell v. Bd. of County Comm'rs of Jefferson County, 451 F.3d 1097, 1101 n.3 (10th Cir. 2006).  "The lodestar amount is the product of the reasonable hours worked on the case multiplied by a reasonable hourly rate."  Id. at 1101.

In cases governed by the PLRA, the "reasonable hourly rate" is limited by the statute, which requires that "[n]o award of attorney's fees in an action described in paragraph (1) shall be based on an hourly rate greater than 150 percent of the hourly rate established under section 3006 of Title 18 for payment of court-appointed counsel."  42 U.S.C. § 1997e(d)(3).  Section 3006 is the Criminal Justice Act ("CJA").  "The United States Supreme Court has yet to rule on the issue of whether," in PLRA cases, "to apply the maximum [hourly] rate [in CJA] provided by the Judicial Conference or the actual rate received by attorneys" in a specific district or circuit.  Skinner v. Uphoff, 324 F. Supp. 2d 1278, 1282 (D. Wyo. 2004).  The Tenth Circuit likewise has not ruled on that

---

[1]The total time billed, before the reduction by 30% as described above, reflects Hall's attorneys' "exercise[] of billing judgment" in including only fees that would be charged to a paying client.  (Mot. at 3, 6.)

issue. "However, it appears that the majority of courts have adopted the policy of using the established rate for that jurisdiction." Id. (collecting cases, including Searles v. Van Bebber, 64 F. Supp. 2d 1033, 1037 (D. Kan. 1999) ("using the rate established by the Judicial Conference for the Court of Appeals for the Tenth Circuit")).

The Court agrees with the majority rule in this context, and thus applies the hourly rate for CJA appointments in the Tenth Circuit and the District of Colorado. As relevant here, that rate–for both in-court and out-of-court work–was $94.00 / hour from May 20, 2007, through December 31, 2007; $100.00 / hour from January 1, 2008, through March 10, 2009; and $110.00 / hour as of March 11, 2009. Under § 1997e(d)(3), Hall may recover 150% of that rate, which translates to $141.00 / hour for attorney work performed between May 20, 2007, and December 31, 2007; $150.00 / hour for attorney work performed between January 1, 2008, and March 10, 2009; and $165.00 / hour for attorney work performed on March 11 and thereafter.

Unfortunately, Hall's request for fees does not break down those fees by date. However, the billing records she has provided (which include hours not included in the fee request) permit the Court to determine what percentage of the work on the case was done as of each of the above dates. Of the 950.10 hours included in the billing records, 3.3 hours were recorded before December 31, 2007; this accounts for 0% of the total. 345.2 hours were recorded on or after March 11, 2009; this accounts for 36% of the total. The remaining 64% of the work thus was completed between January 1, 2008, and March 10, 2009.

Therefore, in calculating fees, the Court uses the rate of $150.00 / hour for 64% of the hours for which Hall requests fees for the work of attorneys, and the rate of $165.00 / hour for the remaining 36% of those attorney hours. Because Hall is requesting fees for 70% of a total of 679.3 attorney hours, that calculation is as follows:

434.75 hours (64% of 679.3 hours) charged at $150.00 / hour = $65,212.50
244.55 hours (36% of 679.3 hours) charged at $165.00 / hour = $40,350.75
                                                              $105,563.25

>Reduced by 30% to ensure that Hall receives "only those fees fairly attributable to Defendant Terrell" (Mot. at 6)
>**TOTAL FEES FOR WORK BY ATTORNEYS =      $ 73,894.28**

The PLRA does not mandate an hourly payment rate for the work of paralegals or law clerks. 165 A.L.R. 551 § 2[b]. In this situation, "courts have used their own discretion." Id. See, e.g., Jackson v. Austin, 267 F. Supp. 2d 1059, 1066 (D. Kan. 2003) (discounting by roughly half the amount requested for legal assistants based on "the restrictions in Section 1997(e)(d)(3)"). Hall has requested an hourly rate of $115.00 for two paralegals, and an hourly rate of $90.00 for an assistant whose specific position is not named. The requested rate for paralegals is roughly 64% of the average rate that Hall requested for non-senior attorneys; the requested rate for the assistant is roughly 50% of the rate requested for non-senior attorneys. The Court thus exercises its discretion to limit the paralegals' hourly rate to 64% of $150.00 and of $165.00 (the hourly rates for attorneys under the PLRA), and the assistant's hourly rate to 50% of those figures. For paralegals, that hourly rate would be $96.00 for 64% of the hours charged, and $105.60 for 36% of the hours charged; for the assistant, the

9

figure would be $75.00 for 64% of the hours charged, and $82.50 for 36% of the hours charged.

Because Hall is requesting fees for 70% of a total of 135 paralegal hours, the Court's calculation of fees for paralegal work is as follows:

```
86.4 hours (64% of 135 hours) charged at $96.00 / hour  =    $ 8,294.40
48.6 hours (36% of 135 hours) charged at $105.60 / hour =    $ 5,132.16
                                                             $13,426.56
```

Reduced by 30% to ensure that Hall receives "only those fees fairly attributable to Defendant Terrell" (Mot. at 6)
**TOTAL FEES FOR WORK BY PARALEGALS =         $ 9,398.59**

Because Hall is requesting fees for a total of 17.8 assistant hours, the Court's calculation of those fees is as follows:

```
11.39 hours (64% of 17.8 hours) charged at $75.00 / hour = $  854.25
6.41 hours (36% of 17.8 hours) charged at $82.50 / hour =  $  528.83
                                                           $ 1,383.08
```

Reduced by 30% to ensure that Hall receives "only those fees fairly attributable to Defendant Terrell" (Mot. at 6)
**TOTAL FEES FOR WORK BY ASSISTANT =         $   968.16**

C.  *Total attorneys' fees*

Based on the foregoing, the lodestar amount in this case is $84,261.03. Finding no reason to adjust that amount based on facts specific to this case, see Bell, 451 F.3d at 1101 n.3, the Court awards Hall a total of **$84,261.03** in attorneys' fees.

D.  *PLRA requirement for portion attributed to Hall*

The PLRA requires that

[w]henever a monetary judgment is awarded in an action described in paragraph (1), a portion of the judgment (not to exceed 25

10

> percent) shall be applied to satisfy the amount of attorney's fees awarded against the defendant. If the award of attorney's fees is not greater than 150 percent of the judgment, the excess shall be paid by the defendant.

42 U.S.C. § 1997e(d)(2). The plain language of the statute suggests that the Court has discretion to determine what portion of the judgment, up to twenty-five percent, should be applied to the award of attorneys' fees. At least one district court has concluded that the provision requires that twenty-five percent of the judgment always be applied against the attorneys' fees award. See Searles v. Van Bebber, 64 F. Supp. 2d 1033, 1041-42 (D. Kan. 1999), vacated on other grounds, 251 F.3d 869 (10th Cir. 2001). However, the Eighth Circuit recently explained that "[t]he majority of courts that have directly addressed this issue have held that the plain language of section 1997e(d)(2) does not require district courts to automatically apply 25 percent of the judgment to pay attorney's fees." Boesing v. Spiess, 540 F.3d 886, 891 (8th Cir. 2008) (citing cases). In adopting that majority view as Eighth Circuit law, the Boesing court explained that the statutory "term 'shall' indicates that the district court must apply some percentage of the judgment to pay attorney's fees," but that "the phrase 'not to exceed 25 percent' clearly imposes a maximum, not a mandatory, percentage." Id. at 892.

The Court agrees with the Eighth Circuit, and the majority view, that "[t]his statute is not ambiguous," id., and that the Court thus has discretion to apply up to twenty-five percent of the judgment to attorneys' fees. The Eighth Circuit has also explained that "[n]o circuit court has articulated factors for a district court to

apply when determining an appropriate percentage under § 1997e(d)(2)." Kahle v. Leonard, 563 F.3d 736, 743 (8th Cir. 2009). The Kahle court articulated four such factors, explaining that "[w]hen determining the percentage of an award to apply to attorneys' fees under § 1997e(d)(2), a district court should consider [the following]:"

> (1) the degree of the opposing parties' culpability or bad faith, (2) the ability of the opposing parties to satisfy an award of attorneys' fees, (3) whether an award of attorneys' fees against the opposing parties could deter other persons acting under similar circumstances, and (4) the relative merits of the parties' positions. The court may also use other relevant considerations. A district court need not mechanically apply these factors. A district court has broad discretion in determining an appropriate percentage under § 1997e(d)(2).

Id. at 743.

Applying these factors to Hall's case, and pursuant to the PLRA, the Court determines that 10% of the awarded fees should be borne by the Plaintiff out of the recovery awarded to her. Factor one, the opposing parties' culpability or bad faith, favors Hall over Terrell; factor two, the ability to satisfy the award of attorneys' fees, suggests that Hall should bear some portion of the attorneys' fees out of her judgment because she received a large judgment that, if collected from Terrell, would likely give her a greater ability to pay the attorneys' fees than Terrell would have; factor three, the possibility that the award may deter other persons acting under similar circumstances, favors Hall; and factor four, the relative merits of each party's position, likewise favors Hall. In the Court's judgment, requiring Hall to pay 10% of the awarded attorneys' fees out of her judgment against Terrell is reasonable and just.

E.   *Final PLRA requirements*

The Court concludes that an attorneys' fee award of $84,261.03, with 10% of that award, or $8,426.10, to be satisfied out of the judgment in this case, is "proportionately related to the court ordered relief for the violation," 42 U.S.C. § 1997e(d)(1)(B)(i).

**IV.   Conclusion**

The motion for prejudgment interest is DENIED.  The motion for attorneys' fees and expenses is GRANTED in the PLRA-limited amount of **$84,261.03,** with 10%, or $8,426.10, of this award is to be satisfied out of the judgment in this case.

The clerk has taxed costs pursuant to Hall's Bill of Costs.  (Dkt. #156.) Therefore, the Court does not rule on Hall's request for "costs and expenses of suit as reflected in the contemporaneously filed Bill of Costs" (Mot. for Attorneys' Fees and Expenses at 7).

Leave is GRANTED for Hall to supplement her motion to recover reasonable costs and attorneys' fees incurred subsequent to the filing of the instant motion, as well as those "directly and reasonably incurred in enforcing the relief ordered for the violation," 42 U.S.C. § 1997e(d)(1)(B)(ii).

DATED at Denver, Colorado, this 18th day of August, 2009.

BY THE COURT:

*s/ David M. Ebel*

_____
David M. Ebel
United States Circuit Judge