IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00999-DME-MEH

AMANDA HALL,

    Plaintiff,

v.

LESHAWN TERRELL, in his individual capacity and in his official capacity as a Sergeant at the
    Denver Women's Correctional Facility and the Denver Reception and Diagnostic Center,

    Defendant.

---

## CERTIFICATION AND RECOMMENDATION

---

**Michael E. Hegarty, United States Magistrate Judge.**

    This matter comes before the Court upon Plaintiff's Motion to Hold Defendant Terrell in Contempt of Court for Failure to Appear Pursuant to Court Order [filed February 15, 2011; docket #243]. The motion is referred to this Court for recommendation. (Docket #244.) In light of the following certification of the facts, the Court **RECOMMENDS** Plaintiff's motion be **GRANTED**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).

**I.     Background**

The District Court entered default judgment against Defendant Terrell on June 11, 2009. (Docket #150.) On November 12, 2010, Plaintiff moved for a Rule 69 hearing, which this Court granted on November 16, 2010, scheduling the hearing for January 27, 2011. (*See* dockets ##230, 233.) The Clerk of Court issued a subpoena as to Defendant Terrell on November 17, 2010, instructing him to appear at the Rule 69 hearing in person. (Docket #234.) Plaintiff successfully served this subpoena on Defendant Terrell on December 23, 2010. (Docket #243-1.) Defendant did not appear for the Rule 69 hearing on January 27, 2011, in contravention of this Court's order. (Docket #242.) Plaintiff then filed the present motion to hold Defendant Terrell in contempt of court.

Upon referral of the motion to this Court for recommendation, the Court issued a minute order instructing Defendant Terrell to respond to the motion on or before March 10, 2011. (Docket #245.) The Court additionally requested that Plaintiff personally serve the motion and the minute order on Defendant Terrell and submit a status report regarding service on or before March 4, 2011. (*Id.*) Plaintiff filed a status report on March 1, 2011, representing that Plaintiff effectuated personal service of the motion, minute order, and other recently filed entries in this matter, on February 24, 2011. (Docket #248.) To date, Defendant Terrell has not responded to the motion for contempt, nor has Defendant Terrell made any other filing explaining his nonappearance at the January 27, 2011 Rule 69 hearing.

**II.    Discussion**

Pursuant to 28 U.S.C. § 636(e)(6)(B), "[u]pon the commission of any such act . . . (B) in any other case or proceeding under subsection (a) or (b) of this section, or any other statute, where . . . (iii) the act constitutes a civil contempt, the magistrate judge shall forthwith certify the facts to

a district judge . . . ." This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) by an Order of Reference entered by Circuit Judge David M. Ebel.  (Docket #2.)  Pursuant to 28 U.S.C. § 636(e)(6), in a civil contempt case,

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

The magistrate judge's contempt authority is limited to certifying the facts to the district, or in this case circuit, judge. *Big O Tires, LLC v. D&T Auto Sales & Service, Inc.*, No. 09-cv-01509-MSK-BNB, 2010 WL 1568571, at *2 (D. Colo. Jan. 8, 2010) (quoting *Bowens v. Atlantic Maintenance Corp.*, 546 F. Supp. 2d 55, 71 (E.D.N.Y. 2008)).

It is well settled that "[a] district court has broad discretion in using its contempt power to require adherence to court orders." *United States v. Riewe,* 676 F.2d 418, 421 (10th Cir. 1982). Civil contempt has a remedial objective and seeks to compel future compliance with court orders. *Int'l Union, United Mine Workers v. Bagwell*, 512 U.S. 821, 827-28 (1994).  To hold a person in civil contempt, the Court must find, by clear and convincing evidence, that (1) a valid court order existed; (2) the contemnor had knowledge of that order; and (3) the contemnor disobeyed the order. *FTC v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004).  Once a *prima facie* case is established, the alleged contemnor must produce evidence explaining his noncompliance.  *Chairs v. Burgess*, 143 F.3d 1432, 1436 (11th Cir. 1998) (citations omitted); *see also* 11A Charles Alan Wright et al., *Federal Practice and Procedure* § 2960 at 381-82 (2d ed. 1995). While evidence that a contemnor

3

violated a prior order in good faith may absolve the contemnor of wrongdoing, when "it is clear that [the contemnor] made a conscious decision, based upon an unreasonable interpretation of [a prior] order, . . . it cannot be said that [the contemnor has] taken all reasonable steps to ensure compliance." *Hart's Rocky Mtn. Retreat, Inc. v. Gayhart*, No. 06-cv-01235-WDM-BNB, 2007 WL 2491856, at *2 (D. Colo. Aug. 29, 2007) (unpublished decision).

While the Due Process Clause requires that a contemnor be given reasonable notice and an opportunity to be heard, *Kuykendall,* 371 F.3d at 754, a hearing is not required in every case where civil contempt is sought. For instance, the Court is not required to conduct an evidentiary hearing where there are no genuine issues of material fact, the accused contemnor had ample notice and opportunity to respond, and the parties did not request a hearing. *Gayhart,* 2007 WL 2491856, at *1 (citations omitted); *see also United States v. McVeigh*, 896 F. Supp. 1549, 1555 (W.D. Okla. 1995). Here, the Court determines that a hearing is not required. As further explained below, the Court finds no genuine issue of any material fact, Defendant Terrell had ample notice and opportunity to respond, and neither Plaintiff nor Defendant Terrell requests a hearing.

## III.    Certification

In consideration of the three requirements needed to hold a person in civil contempt, the Court certifies the following facts, established by clear and convincing evidence, that (1) a valid court order existed; (2) Defendant Terrell had knowledge of that order; and (3) Defendant Terrell disobeyed the order. The Court takes judicial notice of the valid court orders in this matter, including but not limited to the order entering judgment in the amount of $1,354,070.41 against Defendant Terrell [filed June 11, 2009; docket #150], the supplemental order granting in part Plaintiff's request for attorneys' fees in the amount of $84,261.03 against Defendant Terrell [filed August 18, 2009; docket #158], the minute order scheduling the Rule 69 hearing for January 27,

2011 [filed November 16, 2010; docket #233], and the minute order instructing Defendant Terrell to respond to the pending motion for contempt on or before March 10, 2011 [filed February 17, 2011; docket #245].

The Court finds that Defendant Terrell had, at the very least, knowledge of the orders setting the Rule 69 hearing and instructing Defendant Terrell to respond to the pending motion for contempt. In the motion for contempt, Plaintiff represents that on December 23, 2010, Defendant Terrell was successfully personally served with the Rule 69 Subpoena Duces Tecum, the minute order setting the Rule 69 hearing, Plaintiff's Rule 69 discovery requests, and fourteen writs of garnishment. (Docket #243 at 2.) In support, Plaintiff includes an affidavit of service by the process server. (Docket #243-1.) In a status report filed March 1, 2011, Plaintiff represents personal service of the motion for contempt, the minute order instructing Defendant to respond, and other filed documents from this matter, was effectuated on February 24, 2011. (Docket #248 at 1-2.) In support, Plaintiff includes the affidavit of Jesse Askeland, who personally served Defendant Terrell with these documents "on the record at his appearance for a probation revocation hearing in Denver District Court . . . ." (Docket #248-1 at 1.)

As stated above, the Court certifies that valid court orders compelling action (namely, his in-person appearance for the Rule 69 hearing) by Defendant Terrell exist, Defendant Terrell has (and at the time, had) personal knowledge of these orders, and finally, Defendant Terrell disobeyed the orders instructing him to appear for the Rule 69 hearing and instructing him to respond to Plaintiff's motion for contempt. Defendant Terrell did not appear at the Rule 69 hearing, nor did he make contact with the Court or counsel for Plaintiff indicating a need for rescheduling. (*See* docket #243 at 3 (Plaintiff's counsel attesting to failure by Defendant to make contact).) Defendant Terrell additionally did not respond to the motion for contempt, nor did he request an extension of time in

which to do so. Defendant Terrell presents nothing to the Court in his defense and makes no attempt to dispute the facts as stated by Plaintiff and supported by the record.

**IV.    Conclusion**

Accordingly, the Court hereby **RECOMMENDS** that Plaintiff's motion be **GRANTED**,[2] and in consideration of the certified facts stated herein, the Court **RECOMMENDS** that Circuit Judge David M. Ebel order the in-person appearance of Defendant Leshawn Terrell before him, to show cause as to why Defendant Terrell should not be adjudged in contempt;

The Court further **ORDERS** that Plaintiff shall effect personal service of this Certification and Recommendation on Defendant Leshawn Terrell on or before **April 1, 2011**, and provide proof of service to the Court on or before **April 6, 2011**.

Respectfully entered and dated at Denver, Colorado, this 22nd day of March, 2011.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *In re Garcia*, 347 F. App'x 381, 382-83 (10th Cir. 2009).